UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY J. FAWCETT, | ) | CASE NO. 4:13CV1828 |
| | ) | |
| PLAINTIFF, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| *et al.*, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| DEFENDANTS. | ) | |

On August 20, 2013, *pro se* Plaintiff, Anthony J. Fawcett ("Plaintiff" or "Fawcett") filed a Complaint against the United States of America ("United States"), Michael Hughes ("Hughes"), and John Doe ("Doe"). Doc. 1. Fawcett seeks relief under the Federal Tort Claims Act ("FTCA") against the United States and brings a *Bivens* claim against Hughes and Doe for destruction of personal property seized pursuant to a federal search warrant. Id. On January 27, 2014, Defendant United States filed a Motion to dismiss Fawcett's FTCA claim for lack of subject matter jurisdiction.[1] Doc. 20.

As set forth more fully below, the United States has not waived sovereign immunity under the FTCA as to Fawcett's tort claim because that claim falls under the detention of goods exceptions to the FTCA's immunity waiver. Thus, the undersigned recommends that Defendant United States' Motion to dismiss (Doc. 20) be **GRANTED** and Plaintiff's tort claim be **DISMISSED WITH PREJUDICE**. In the alternative, the undersigned recommends that the United States' Motion to dismiss (Doc. 20) be **GRANTED** and Fawcett's tort claim be

---

[1] On January 28, 2014, this Court granted a motion by Defendants United States and Hughes to substitute the United States in place and stead of Hughes for purposes of Plaintiff's tort claim.

1

**DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies under the FTCA.

### I. Background

In his Complaint, Fawcett states that the DEA executed a search, pursuant to a Federal search warrant, and seized various items belonging to him. Doc. 1, Complaint ("Cmplt.") ¶¶ 10, 11. Following the search, Fawcett and three others were indicted for various offenses, including possession with intent to distribute 1,000 or more marijuana plants. *United States of America v. Anthony J. Fawcett*, Case No. 4:05-cr-0545, Fawcett Indictment, Doc. 14;[2] *See also* Cmplt. ¶13. On January 4, 2007, Fawcett entered a plea of guilty to the charges of conspiracy to cultivate, grow, process, possess, and possess with the intent to distribute marijuana, 21 U.S.C. § 846, and felon in possession of firearms and ammunition, 18 U.S.C. §922(g)(1). Cmplt. ¶13-14; *United States v. Anthony J. Fawcett, et. al.*, Case No. 4:05-cr-545, Docs. 95, 180, 181. As part of his plea agreement, Fawcett consented to the forfeiture of certain items; however, Fawcett claims he did not consent to the forfeiture of all items that had been seized pursuant to the search warrant. Specifically, Fawcett claims he did not agree to the forfeiture of: (a) two Federal Aviation Administration log books; (b) personal legal files; (c) a box of loose cancelled checks; (d) a box containing personal receipts and jewelry; (e) various business records; and (f) tax records (hereinafter the "non-forfeited items"). Cmplt. at ¶11.

On March 27, 2013, in the Government's response to Fawcett's Fed. R. Crim. P. 41(g)

---

[2] The indictment contained a forfeiture specification. The indictment sought forfeiture of "any and all property constituting, or derived from, any proceeds [the defendants] obtained, directly or indirectly, as the result of such violations; any and all of their property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations; and any and all property…involved in or used in the commission of such violations…" *United States of America v. Anthony J. Fawcett*, Case No. 4:05-cr-0545, Fawcett Indictment, Doc. 14.

motion to return property,[3] he learned that his non-forfeited items had been "destroyed." Cmplt. ¶15. Initially, DEA Agent Michael Hughes signed an affidavit stating that Fawcett's records and documents had been destroyed in accordance with Government policy. Id. at ¶¶15-16. Hughes later signed a second affidavit stating that "I have recently learned that" the destruction did not occur in accordance with Government policy. Id. at ¶¶15-17. Fawcett claims that the United States failed to provide him notice prior to the destruction of his non-forfeited property. Id. at ¶18. Fawcett also claims that Hughes and/or Doe destroyed or participated in the destruction of his non-forfeited property. Id. at ¶19.

**II. Law**

In its Motion to Dismiss, the United States argues that Fawcett's FTCA claim should be dismissed under two theories. Doc. 20-1, pp. 5-9.[4] First, the United States claims that Fawcett's tort claim should be dismissed for failure to exhaust administrative remedies. Id. at pp. 5-9. Second, the United States contends that Fawcett's FTCA claim is barred by the detention of goods exception to the FTCA's waiver of immunity. Id. at. p. 9. The first issue presents a factual attack under Federal Rule of Civil Procedure 12(b)(1) and the second issue presents a facial attack under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**A. Standard for Motion to Dismiss under Rule 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), which is the basis for the United States' argument with respect to the detention of goods exception, a complaint must contain

---

[3] Fed. R. Civ. P. 41(g) Motion to Return Property provides: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."

[4] All Doc. page citations are to the ECF Doc. page numbers.

sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The factual allegations of a pleading must be enough to raise a right to relief above the speculative level. *Id.* at 555. The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Id.* "Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964–65. In ruling on a motion to dismiss, a court may consider: (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice. *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F.Supp.2d 914, 924–25 (N.D. Ohio 2009).

### B. Standard for Motion to Dismiss under Rule 12(b)(1)

Rule 12(b)(1) is the basis for the United States' argument with respect to the exhaustion of administrative remedies. The Sixth Circuit has described the procedural framework for ruling on a motion to dismiss under Rule 12(b)(1) as follows:

> Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally come in two varieties. A *facial* attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. On the other hand, when a court

4

> reviews a complaint under a *factual* attack…no presumptive truthfulness applies to the factual allegations

Ohio Nat. Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990). A *facial* attack is a challenge to the sufficiency of the pleading itself. United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994). On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party. *Id.* (citing Scheuer v. Rhodes, 416 U.S. 232, 235–37, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974)). A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. *Id.* On such a motion, no presumptive truthfulness applies to the factual allegations and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Id.* (citing Ohio Nat'l Life Ins. Co., 922 F.2d at 325).

### III. Analysis

#### A. Sovereign Immunity Standard

It is "axiomatic" under the principle of sovereign immunity "that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *accord* Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 260, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999) (" 'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.' " (quoting FDIC v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994))). Moreover, waivers of sovereign immunity must be "unequivocally expressed" in statutory text, and cannot simply be implied. United States v. Nordic Village, Inc., 503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992) (internal quotation marks omitted);

5

*accord United States v. White Mountain Apache Tribe,* 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003) (and cases cited therein).  Fawcett's Complaint asserts a tort claim against the United States under the FTCA waiver of sovereign immunity.  28 U.S.C. §§ 2671–2680; Cmplt. ¶¶32-41.

The FTCA waives sovereign immunity for "claims against the United States, for money damages ... for ... loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b).  However, this waiver operates subject to numerous conditions which must be satisfied for a court to exercise jurisdiction. *See Millares Guiraldes de Tineo v. United States,* 137 F.3d at 719.  One such condition is an administrative exhaustion requirement that bars an action from being filed in federal court until: (1) the claimant has presented the claim to the appropriate federal agency; and (2) either the agency has denied the claim or six months have passed.  *See Harris v. City of Cleveland,* 7 Fed. App'x 452, 458 (6th Cir.2005); 29 U.S.C. § 2675(a).  Furthermore, the FTCA excepts from its § 1346(b) waiver of sovereign immunity, "[a]ny claim arising in respect of ... the detention of any goods, merchandise, or other property by any officer of customs... or any other law enforcement officer," i.e., the detention of goods exception. 28 U.S.C. § 2680(c).

The United States argues that Fawcett's claim arises under the FTCA are barred by the detention of goods exception and because Fawcett failed to exhaust his administrative remedies under the FTCA prior to filing suit in this Court.

### B. Fawcett's FTCA claim is barred by the detention of goods exception to the FTCA's waiver of immunity

The United States seeks dismissal of Fawcett's tort claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim because it asserts that it has not waived immunity for claims

6

arising out of the detention of property by law enforcement.  Doc. 20, pp. 7-8; Doc. 35, pp. 4-12.  In an exception to the FTCA's general waiver of sovereign immunity, the United States has retained immunity with respect to "[a]ny claim arising in respect of ... the detention of any goods, merchandise or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c).  In *Kosak v. United States*, 465 U.S. 848, 853–55 (1984), the Supreme Court emphasized that § 2680(c)'s "arising in respect of" phrase means any claim arising out of the detention of goods, including claims resulting from negligent handling.  *Id.*  In doing so, the Supreme Court rejected the prior holdings of the Second, Fifth and Ninth Circuits that the negligent destruction or loss of property did not fall under §2680(c).  *Id.*, 465 U.S. at 853–55; *Formula One Motors, Ltd. v. United States*, 777 F.2d 822, 824 (2d Cir. 1985) (noting that the Supreme Court in *Kosak* rejected the contention that section 2680(c) should not apply to "the negligent ... *destruction* of property…").  Fawcett's complaint involves the destruction of property that had been detained by federal officials, thus, his cause of action under the FTCA arose out of the detention of goods.  *Storm v. Bureau of Prisons*, 4:08CV1690, 2009 WL 1163123 (N.D. Ohio Apr. 29, 2009).  The FTCA claim is, therefore, barred by the United States' sovereign immunity unless Fawcett can establish that his claim is saved by the amendment to the "detention of goods" exception set forth in the Civil Asset Forfeiture Reform Act of 2000, Pub.L. No. 106–185, 114 Stat. 202 ("CAFRA").

      CAFRA created what has been referred to as an "exception to the exception" by re-waiving the United States' sovereign immunity for a narrow category of forfeiture-related damages claims brought under the FTCA.  Section 3 of CAFRA permits the United States to be sued for injury or loss of goods or property held in law enforcement custody for purposes of forfeiture.  *See* 28 U.S.C. § 2680(c)(1)-(4).  To come within this amendment, however, a claimant

must show that he satisfies four conditions: (1) his "property was seized for the purpose of forfeiture," § 2680(c)(1); (2) his "interest was not forfeited," §2680(c)(2); (3) his "interest was not remitted or mitigated (if the property was subject to forfeiture)," §2680(c)(3); and (4) he "was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law." § 2680(c)(4). The failure to satisfy any one of the conditions prevents a plaintiff from availing himself of CAFRA's re-waiver of sovereign immunity. *See Diaz v. United States,* 517 F.3d 608, 613–14 (2d Cir.2008) (A claimant must meet all four of the requirements set forth in § 2680(c)(1)(-(4) in order to benefit from CAFRA's re-waiver of sovereign immunity.)

The United States argues that the CAFRA exception does not apply to Fawcett's FTCA claim because he does not meet the first or fourth requirement, i.e., the United States argues his property was not "seized for the purpose of forfeiture" and he was "convicted of a crime" for which his property was subject to forfeiture. Doc. 35, pp. 5-12.

**Seizure for purpose of forfeiture.** The United States argues that the non-forfeited items, which provide the basis for his FTCA claim, were not seized for the purposes of forfeiture. In support, the United States cites cases from various circuit courts which have interpreted the claim "seized for the purpose of forfeiture" to mean that the property was seized solely for the purpose of forfeiture and not for investigative or other purposes.[5] In *Foster v. United States*, the Ninth Circuit held, "under CAFRA, the re-waiver of sovereign immunity in § 2680(c)(1)-(4) applies only to property seized *solely* for the purpose of forfeiture. Consequently, the fact that the government may have had the possibility of a forfeiture in mind when it seized Plaintiff's property does not detract from the application of the detention of goods exception

---

[5] The United States acknowledges that the Sixth Circuit has yet to address this issue. Doc. 35, p. 6.

when criminal investigation was a legitimate purpose of the initial seizure." *Id.* 522 F.3d 1071, 1075 (9th Cir. 2008) (emphasis added). The Third and Tenth Circuits have found the reasoning in *Foster* persuasive. *See Shigemura v. United States*, 504 F. App'x 678, 680 (10th Cir. 2012) ("Because Shigemura's property was seized pursuant to a lawful arrest, and not solely for purposes of forfeiture, there is no waiver of sovereign immunity under the FTCA and thus his claim cannot proceed.") *Bowens v. U.S. Dep't of Justice*, 415 F. App'x 340, 343 (3d Cir. 2011) (plaintiff cannot "seek relief in the 'exception to the exception' found in § 2680(c)(1–4), as that subsection applies only to 'property seized *solely* for the purpose of forfeiture.' ").

Here, Fawcett's Complaint quotes an affidavit from Hughes which states that Fawcett's non-forfeited items were "seized for evidentiary purposes." Cmplt. ¶16. Thus, based on Fawcett's Complaint and consistent with the Ninth, Third, and Tenth Circuits, who have addressed this matter, CAFRA's re-waiver of immunity would not apply to Fawcett's claim because his non-forfeited property was seized for evidentiary purposes and not seized "for the purpose of forfeiture."[6]

---

[6] In light of the determination above that Fawcett's property was not seized solely for purposes of forfeiture, it is not necessary to address the United States' second argument under the CAFRA exception but this Report and Recommendation does so below in an abundance of caution.

**Conviction of a crime for which the property was subject to forfeiture.** The United States also argues that Fawcett does not meet the fourth requirement for the CAFRA exception to apply because he was "convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law." Doc. 35, pp. 5-12. As a result of his guilty plea, Fawcett was convicted of crimes that provide for criminal forfeiture pursuant to 21 U.S.C. §853. Doc. 1, Cmplt. ¶13; *United States v. Anthony J. Fawcett, et. al.*, Case No. 4:05-cr-545, Docs. 95, 180, 181. 21 U.S.C. 853(a) provides that property is subject to criminal forfeiture if it "constitutes, or [is] derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; [or] if any of the person's property [was] used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation." In his Complaint, Fawcett claims that the non-forfeited items include: legal files containing attorney-client protected documents and publicly-available records; and business records containing "closely-guarded recipes and other proprietary information related to his business activities…" Cmplt. ¶¶ 23, 26. Construing the facts in the Complaint in the light most favorable to Fawcett, for purposes of a 12(b)(6) motion to dismiss, it appears that at least some of the non-forfeited items would not be subject to forfeiture. Thus, the United States' argument to the contrary is without merit.

### C. Alternatively, Fawcett's tort claim should be dismissed without prejudice for failure to exhaust his administrative remedies under the FTCA

As the Court has determined above that Fawcett's claim should be dismissed under the detention of goods exception to the FTCA's waiver of sovereign immunity, the Court need not reach a determination on the United States' alternative argument, i.e., whether the United States is entitled to dismissal under Fed. R. Civ. P. 12(b)(1) based on its allegation that Fawcett failed to exhaust his administrative claim prior to filing suit in this Court.  However, in an abundance of caution, that alternative argument will be addressed.

The United States also seeks dismissal of Fawcett's tort claim pursuant to Fed. R. Civ. P. 12(b)(1) for failure to comply with the administrative exhaustion requirements of the FTCA. The United State' alternative argument presents a factual attack on the subject matter jurisdiction alleged in the Complaint.  The FTCA administrative exhaustion requirements bars an action from being filed in federal court until: (1) the claimant has presented the claim to the appropriate federal agency; and (2) either the agency has denied the claim or six months have passed.  Id. at pp. 4-6; *See* Harris v. City of Cleveland, 7 Fed. App'x 452, 458 (6th Cir.2005); 29 U.S.C. § 2675(a).  The United States argues that the DEA received Fawcett's administrative tort claim on March 14, 2013, and never acted on that claim.[7]  Doc. 20-1, pp. 5-7.  Thus, the United States claims that Fawcett's August 20, 2013, Complaint was premature because it was filed less than six months after his administrative claim.  Id.  Based on the above, the United States seeks dismissal for lack of subject matter jurisdiction.  Id.

The FTCA provides that an "action shall not be instituted upon a claim against the United States for money damages" unless the claimant has first exhausted his administrative remedies.

---

[7] The United States claims that the DEA has yet to deny Fawcett's administrative claim.  Doc. 201, at FN. 2.  Fawcett may statutorily presume that the claim has been denied after six months passes without action by the DEA.  28 U.S.C. § 2675(a).

*McNeil v. United States*, 508 U.S. 106, 107, 113 S. Ct. 1980, 1981, 124 L. Ed. 2d 21 (1993); (quoting 29 U.S.C. § 2675(a)). 20 U.S.C. § 2675(a) provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Therefore, a claimant may sue the United States pursuant to the FTCA six months after presenting a claim to an agency and a claimant may no longer sue the United States six months after the time that an agency mails a denial letter. 28 U.S.C. § 2401(b); *Jackson v. United States,* 13-1243, 2014 WL 1876240 (6th Cir. May 12, 2014).

The Sixth Circuit has held that the exhaustion requirement under the FTCA is jurisdictional and a plaintiff's failure to exhaust prior to filing suit requires dismissal for lack of jurisdiction. *Bumgardner v. United States*, 469 F. App'x 414, 417 (6th Cir. 2012) (citing *Joelson v. United States,* 86 F.3d 1413, 1422 (6th Cir.1996) ("exhaustion requirement [of §2765(a) is jurisdictional"); *Schaffer by Schaffer v. A.O. Smith Corp.*, 36 F.3d 1097 (6th Cir. 1994) ("[§2675(a)] requires that exhaustion must be achieved in advance of the federal tort suit, not merely in conjunction with it."); *Harris*, 7 Fed. App'x. 452. In *Harris*, the Sixth Circuit upheld the district court's dismissal of a complaint under the FTCA which was filed less than six months after the plaintiff, Harris, had filed his administrative claim and before any action on the claim had been taken. *Harris*, 7 Fed. App'x at 458-59. Although Harris argued that six months had passed with no resolution of his claim prior to the district court's dismissal, the Sixth Circuit held that the district court lacked subject matter jurisdiction to hear Harris's FTCA claim because he

11

failed to exhaust his administrative remedies *prior* to filing the lawsuit.  *Id.*  (emphasis added).

In *McNeil*, the U.S. Supreme Court also upheld the dismissal of an FTCA claim for failure to exhaust administrative remedies under §2675(a).  *McNeil* 508 U.S. at 112.  The Supreme Court stated:

> The most natural reading of [§2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

The plaintiff in *McNeil*, like Fawcett in this matter, was a pro se prisoner; notwithstanding that fact, the Supreme Court enforced strict adherence to the procedural requirement:

> Moreover, given the clarity of the statutory text, it is certainly not a "trap for the unwary." It is no doubt true that there are cases in which a litigant proceeding without counsel may make a fatal procedural error, but the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent. Our rules of procedure are based on the assumption that litigation is normally conducted by lawyers. While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, see *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976),[9] and have held that some procedural rules must give way because of the unique circumstance of incarceration, see *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (*pro se* prisoner's notice of appeal deemed filed at time of delivery to prison authorities), we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.  As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980).

*Id.*  Similarly, the Sixth Circuit has stated that, "[t]here is no equitable exception to the jurisdictional prerequisites of the Federal Tort Claims Act." *Harris,* 7 Fed. App'x at 458 (citing *Rogers v. United States,* 675 F.2d 123, 124 (6th Cir. 19*82)).  Based on strict adherence to the jurisdictional prerequisites of the FTCA, consistent with Sixth Circuit and U.S. Supreme Court

12

case law, if Fawcett's claim was deemed filed on March 14, 2013, as the United States argues, then Fawcett's August 20, 2013, Complaint was premature and this Court lacks subject matter jurisdiction. This is true even if the time period for exhaustion has expired after Fawcett filed suit and even if the litigation has not substantially progressed. *Id*. at 459 ("Appellant argues six months did eventually pass with no resolution of his claim prior to the district court's dismissal of the second amended complaint. This is beside the point. Under the plain language of the statue as interpreted by this Court, the district court procedurally lacked subject matter jurisdiction to hear Appellant's FTCA claim…because the claim had not yet become ripe when the complaint was filed.") *Dragoiu v. U.S. Dep't of Hous. & Urban Dev.*, 09-12454, 2010 WL 1258176 (E.D. Mich. Mar. 29, 2010) ("If a plaintiff fails to exhaust his or her administrative remedies before filing a suit, then the court lacks subject matter jurisdiction and cannot proceed; this is true even if the plaintiff fulfills the requirements of exhaustion after filing suit and before the litigation substantially has progressed.")

In his Opposition, Fawcett does not dispute that the FTCA's jurisdictional prerequisites apply to this case. Rather, Fawcett contends that he filed his claim with the DEA on February 12, 2013, not March 14, 2013, and, thus, he satisfied §2675(a)'s 6-month waiting period prior to filing his action with this Court on August 20, 2013.[8] Id. at p. 31. In support of his contention, Fawcett provides a declaration stating that, on February 12, 2013, he "forwarded an administrative claim pursuant to the Federal Tort Claims Act, to the Cleveland field office of the

---

[8] In his Complaint Fawcett states that "more than six months have passed since Fawcett forwarded his Tort Claim to the DEA." Doc. 1, Cmplt. ¶29. Confusingly, he also states that he "brings this action *within six months* of the DEA's failure to respond to the DEA's tort claim." Id. at ¶30 (emphasis added). The United States seizes upon the language in the latter paragraph to argue that Fawcett has not complied with the statutory period proscribed by the FTCA. Doc. 20-1, pp. 5-6. However, the Complaint itself is unclear as to when Fawcett filed his tort claim with the DEA.

Drug Enforcement Agency…"[9] Doc. 31-1, ¶6. Fawcett further declares that when he did not hear from officials in the DEA, "on or about March 14, 2013," he "sent [a] follow up communication attempting to the check the status" of his administrative claim. Id. at ¶8. Fawcett does not provide a copy of either letter in his Opposition to the United States' motion to dismiss or in his Surreply to the motion to dismiss. Docs. 31, 44.

The United States attached to its Reply to Fawcett's opposition the letter the DEA claims to have received on March 14, 2013, which was dated March 12, 2013, by Fawcett. Doc. 35-1, pp. 5-8. The March 2013 letter does not indicate that it is a "follow-up letter" as Fawcett argues. In fact, the letter begins with the following: "Please allow this communication to serve as my formal notice of Tort Claim as authorized by the Federal Tort Claims Act" found at 28 U.S.C. §2671 et seq. Moreover, please allow this communication to serve as a substitute Form 95." Id. at p. 5.

The March 2013 letter also contains a footnote which states, "I have previously forwarded this communication to [the] *Youngstown* Field Office; however, I was informed that, due to the nature of my complaint/request. [sic] the communication needed to be forwarded to the Cleveland office." Doc. 35-1, p. 5 (emphasis supplied). Although the footnote references a prior communication, it does not provide a date for or a copy of that communication. Further, the footnote in the March 2013 letter does not support Fawcett's declaration attached to his Opposition because in his declaration he states that he forwarded an administrative claim to the DEA's *Cleveland* field office, not the Youngstown office, on February 12, 2013. Thus, Fawcett has not argued that the prior letter to Youngstown, referenced in the footnote to the March 2013 letter, satisfied FTCA's jurisdictional prerequisites. Moreover, the Court does not have a copy of

---

[9] Fawcett also attaches to his declaration a document labeled "administrative claim" but the document does not contain an administrative claim. Rather, it is an April 1, 2014, certificate of service. Doc. 31-2, p. 2.

either the alleged prior letter to Youngstown or the alleged prior communication with the Cleveland field office.[10]

In support of its contention that Fawcett did not file an administrative claim prior to March 14, 2013, the United States attached to its Reply two affidavits. The first affidavit is from Silverio R. Balzano, Resident Agent in Charge of the Youngstown field office of the DEA, who declares that the March 13, 2013, letter was received by the Cleveland Resident Office on or about March 14, 2013, and was then routed to the Youngstown Resident Office. Doc. 35-1, ¶4. The second affidavit is from Karen K. Richardson, custodian of records presented to the DEA under the FTCA. Doc. 35-1, pp. 1-2. Richardson declares that, although "Fawcett alleges he originally submitted his FTCA claim to DEA on February 12, 2013," she "searched the FTCA database" and found "no record of any administrative tort claim having been received by DEA prior to March 14, 2013." Id. at ¶¶4-5.

A claim is not deemed to be presented[11] for purposes of § 2675(a) "unless the federal

---

[10] Fawcett filed an objection and motion to strike in response to the United States' reply brief and did not provide any additional evidence. He argued that the United States attached new evidence and arguments to its reply brief that were not attached to its motion to dismiss. Doc. 39, ¶ 2-3. Fawcett claimed that this is a "direct violation of this bench's rules." Doc. 39, ¶5. The United States' motion presents a factual attack on subject matter jurisdiction, as to which evidence may be admitted, and Fawcett does not cite to any rule which forbids the United States from attaching evidence to its Reply brief. The United States could not have anticipated, before Fawcett filed his Opposition, that he would argue that he had submitted a claim to the DEA in February 2013. Moreover, Fawcett does not dispute the validity of any of the United States' evidence. In addition, in response to Fawcett's objections, this Court provided Fawcett the opportunity to file a surreply to the United States' reply brief. Fawcett filed his Surreply on July 18, 2014, and again failed to attach any new evidence to the Surreply or dispute the validity of the United States' evidence. Doc. 44. Instead, in his Surreply, Fawcett argued that all that he is required to do at this stage is to assert a plausible allegation in his Complaint. Doc. 44, p. 2. However, as noted above, the United States presented a factual attack on subject matter jurisdiction which allows evidence to be admitted and the United States brought forth evidence in support of its 12(b)(1) argument that Fawcett has failed to dispute.

[11] Under Department of Justice regulations, a claim is deemed *presented* for purposes of 28 U.S.C. § 2675(a) when a federal agency receives "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). A claimant presents a claim under section 2675 when he or she "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Douglas v. United States,* 658 F.2d 445, 447 (6th Cir.19 81) (quoting *Adams v. United States,* 615 F.2d 284, 289 (5th Cir.19 80)). If a claimant's filing meets the *Douglas* requisites, then the presentment requirement has been satisfied, and the claimant has given the agency sufficient notice. *Conn v. United*

agency actually receives notice of it. 28 C.F.R. § 14.2(a). Thus, if a claimant mails a notice and it is not received by the agency there is no presentment." *Perotti v. Medlin*, 4:05CV2739, 2009 WL 385573 (N.D. Ohio Feb. 13, 2009).  The plaintiff has the burden of demonstrating subject matter jurisdiction and of demonstrating that he presented a claim to the appropriate federal agency. *Harris* 7 F. App'x at 458 (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir.1996)) ("plaintiff has the burden of proving jurisdiction in the face of a Rule 12(b)(1) motion"); *Giesse v. Sec'y of Dept. Of Health and Human Services,* 522 F.3d 697, 702 (6th Cir.2008) (The plaintiff has the burden of establishing subject matter jurisdiction to survive the defendant's Rule 12(b)(1) motion to dismiss); *Keene Corp. v. United States,* 700 F.2d 836, 840 (2d Cir.), *cert. denied,* 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983) ("A plaintiff bears the burden of demonstrating that he or she has presented a claim to the appropriate federal agency."); *Kielwien v. United States,* 540 F.2d 676, 679 n.6 (4th Cir.), cert. denied, 429 U.S. 979, 97 S.Ct. 491, 50 L.Ed.2d 588 (1976) ("The burden is on the plaintiff to establish that [a §2675(a)] claim was filed]."); *Livera v. First Nat'l State Bank,* 879 F.2d 1186, 1195 (3d Cir.), *cert. denied,* 493 U.S. 937, 110 S.Ct. 332, 107 L.Ed.2d 322 (1989) (While the contents of the claim form can be liberally construed, the filing of a "claim" cannot be.).  Fawcett has not met his burden of demonstrating jurisdiction in that he has not established that he presented a claim to the DEA prior to March 14, 2013.  Accordingly, Fawcett's claim must be dismissed for failure to exhaust administrative remedies; however, if Fawcett's tort claim is dismissed on this ground, it should be dismissed without prejudice in order to permit him to exhaust administrative procedures as required under the FTCA.  *Harris*, 7 Fed. App'x 452 & *Harris v. U.S.*, 422 F.3d

---

*States,* 867 F.2d 916, 919 (6th Cir.1989); *see also Martinez v. United States,* 728 F.2d 694, 696 (5th Cir.1984) ("notice of the skeletal facts of the claim [is] sufficient to enable the agency to investigate"); *Williams v. United States,* 693 F.2d 555, 557 (5th Cir.1982) ( "no particular form or manner of giving such notice is required as long as the agency is somehow informed of the fact of and amount of the claim").

322, 332 (noting the district court dismissal of Harris's tort claim for failure to exhaust, which the Sixth Circuit upheld, was without prejudice); *Fluellen v. U.S. Dep't of Justice Drug Enforcement Admin.,* 816 F. Supp. 1206, 1210 (E.D. Mich. 1993) (dismissing without prejudice plaintiff's FTCA claims in order for plaintiff to exhaust administrative remedies).

## IV. Conclusion

For the reasons discussed above, the undersigned recommends that the United States' Motion to dismiss (Doc. 20) be **GRANTED** and Fawcett's tort claim be **DISMISSED WITH PREJUDICE** because his claim falls under the detention of goods exception to the FTCA's waiver of sovereign immunity. In the alternative, the undersigned recommends that the United States' Motion to dismiss (Doc. 20) be **GRANTED** and Fawcett's tort claim be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies under the FTCA.

Dated: July 22, 2014

_____
Kathleen B. Burke
United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).