PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTHONY J. FAWCETT, ) | |
| ) | CASE NO. 4:13CV01828 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION &** |
| Defendants. ) | **ORDER** [Resolving ECF No. 20] |

Pending before the Court is the Government's motion to dismiss docketed at ECF No. 20. After responsive briefs were filed, Magistrate Judge Kathleen Burke filed a report and recommendation pursuant to 28 U.S.C. § 636, and recommended that the motion be granted. ECF No. 45. Plaintiff Anthony Fawcett filed four objections, to which the Government filed a response. ECF Nos. 46, 47.

For the reasons provided, the Court overrules Plaintiff's objections and adopts, in its entirety, the report and recommendation of the magistrate judge.

### I. Factual and Procedural Background

Plaintiff filed a lawsuit seeking, among other things, relief under the Federal Tort Claims Act ("FTCA") for the destruction of personal property seized pursuant to a federal search warrant. ECF No. 45 at 1. Following the execution of the search warrant, Plaintiff was indicted, and he pleaded guilty to charges of conspiracy to cultivate, grow, process, possess, and possess with the intent to distribute, marijuana, in violation of 21 U.S.C. § 846, and being a felon in possession of firearms and

(4:13CV01828)

ammunition, in violation of 18 U.S.C. § 922(g)(1). ECF No. 45 at 2. As part of his plea agreement, Plaintiff consented to the forfeiture of certain property. ECF No. 45 at 2. He alleges, however, that he did not consent to the forfeiture of all items that had been seized during the search. ECF No. 45 at 2. Plaintiff alleges that these non-forfeited items were later destroyed. ECF No. 45 at 3.

The Government seeks dismissal of Plaintiff's FTCA claim on two grounds. ECF No. 45 at 3. First, the Government argues that the FTCA claim is barred by the detention of goods exception to the FTCA's waiver of sovereign immunity. Second, the Government argues, in the alternative, that the claim should be dismissed because Plaintiff failed to properly exhaust his administrative remedies. The parties have filed responsive briefs. *See* ECF Nos. 31, 35, 44.

Magistrate Judge Burke filed a report recommending that the Government's motion should be granted. ECF No. 45. The magistrate judge first recommends that Plaintiff's FTCA claim should be dismissed with prejudice because, on the face of the complaint, the destroyed property was not seized *solely* for the purpose of forfeiture. ECF No. 45 at 8-9. Therefore, the magistrate judge concluded, Plaintiff's claim does not satisfy the requirements of 28 U.S.C. § 2680(c)(1)-(4), which cover a narrow category of forfeiture-related claims under the FTCA and brings those cases within the FTCA's waiver of sovereign immunity as set forth in 28 U.S.C. § 1346(b).[1] Without the

---

[1] The FTCA waives sovereign immunity for "claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b).

28 U.S.C. § 2680, in turn, provides that § 1346(b) "shall not apply to":

(c) Any claim arising in respect of . . . the detention of any goods, merchandise, or
(continued...)

2

(4:13CV01828)

application of § 2680(c)(1)-(4), Plaintiff's claim is barred by § 2680(c), which is otherwise known as the detention of good exception to the FTCA's waiver of sovereign immunity.

The magistrate judge also recommends, in the alternative, that the FTCA claim should be dismissed without prejudice because Plaintiff failed to exhaust his administrative remedies under the FTCA. ECF No. 45 at 10. The FTCA exhaustion requirements bar an action from being filed in federal court until (1) the claimant has presented the claim to the appropriate federal agency (here, the DEA), and (2) either the agency has denied the claim or six months have passed since the claim was presented. ECF No. 45 at 10; *see* 28 U.S.C. § 2675(a).[2] Though Plaintiff has presented an

---

[1](...continued)
other property by any officer of customs or excise or any other law enforcement officer, except that the provisions of this chapter and section 1346(b) of this title apply to any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise any other law enforcement officer, if–(1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense; (2) the interest of the claimant was not forfeited; (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

[2] Section 2675(a) provides in relevant part:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denied of the claim for purposes of this section.

3

(4:13CV01828)

administrative claim to the DEA, the agency has yet to issue a decision. ECF No. 45 at 10. Therefore, the magistrate judge concluded, Plaintiff did not meet the requirements of § 2675(a) because he instituted this action on August 20, 2013, less than six months after March 14, 2013, the date on which the DEA evidently received Plaintiff's administrative claim. ECF No. 45 at 10-16.

Plaintiff filed four objections to the magistrate judge's report and recommendation. ECF No. 46. The Government filed a response. ECF No. 47. The Court examines each of Plaintiff's objections in turn.

## II. Legal Standard

28 U.S.C. § 636 does not require a district court to review a magistrate judge's report to which no objections are filed. Thomas v. Arn, 474 U.S. 140, 145, 106 S. Ct. 466, 88 L. Ed. 2d (1986). When written objections are filed, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1)(C).

## III. Discussion

### A. Objection One

The Ninth Circuit has held that the waiver of sovereign immunity found in 28 U.S.C. § 2680(c)(1)-(4) "applies only to property seized *solely* for the purpose of forfeiture. Consequently, the fact that the government may have had the possibility of a forfeiture in mind when it seized Plaintiff's property does not detract from the application of the detention of goods exception when criminal investigation was a legitimate purpose of the initial seizure." Foster v. United States, 522

(4:13CV01828)

F.3d 1071, 1075 (9th Cir. 2008) (emphasis added).  Citing to this case, the magistrate judge concluded that Plaintiff's FTCA claim is barred because Plaintiff's complaint quotes an affidavit from DEA Agent Michael Hughes, which states that Plaintiff's destroyed property had been "seized for evidentiary purposes."  ECF No. 45 at 9; *see* ECF No. 1 at 5.

The substance of Plaintiff's first objection is that the magistrate judge relied on a Ninth Circuit case that is not binding on this Court.  ECF No. 46 at 2.  This objection is unavailing.  *Foster* is persuasive authority because the Sixth Circuit has not spoken on the issue.  Not only is *Foster* well-reasoned; 522 F.3d at 1079 ("narrow reading [of § 2680(c)(1)-(4)] is consistent with the policy rationales identified by the Supreme Court as underlying the detention of good exception to the FTCA's waiver of sovereign immunity"); but it has been followed by other circuits.  *See Shigemura v. United States*, 504 Fed. Appx. 678, 680 (10th Cir. 2012); *Bowens v. U.S. Dep't of Justice*, 415 Fed. Appx. 340, 343 (3d Cir. 2011).

Therefore, Plaintiff's first objection is overruled.

**B. Objection Two**

In his second objection, Plaintiff contends that "Magistrate [Judge] Burke erred in finding that the seized property was seized only for investigative purposes."  ECF No. 46 at 2.  This objection falters on several levels.  First, the magistrate judge made no findings of fact.  Rather, she merely referenced the allegations of Plaintiff's own complaint, the legal sufficiency of which determines whether Plaintiff's FTCA claim survives dismissal.  Second, the magistrate judge did not interpret the complaint as alleging that Plaintiff's property was seized only for investigative purposes.  Rather, she correctly interpreted the complaint to allege that the property was *not seized*

5

(4:13CV01828)

*solely for the purpose of forfeiture*.  ECF No. 45 at 8.  On the basis of that interpretation, the magistrate judge properly concluded that the claim did not satisfy § 2680(c)(1)-(4) and was therefore barred by the detention of goods exception to the FTCA's waiver of sovereign immunity.

Therefore, Plaintiff's second objection is overruled.

### C. Objection Three

Plaintiff next objects that his FTCA claim should not be dismissed with prejudice in light of his *pro se* status.  ECF No. 46 at 3.  Though *pro se* pleadings should be construed liberally, "[t]he liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law."  *Johnson v. Stewart*, 2010 WL 8738105 at *3 (6th Cir. May 5, 2010).  Plaintiff's *pro se* status does not warrant a dismissal that would otherwise apply to represented litigants.  His third objection is overruled.

### D. Objection Four

Plaintiff finally objects that the magistrate judge erred in finding that he had failed to comply with the FTCA's administrative requirements.  Plaintiff argues that, in the complaint, he "asserted that he had exhausted all administrative prerequisites" and that "the United States offered nothing more than an affidavit."  ECF No. 46 at 3.  This objection is directed at the magistrate judge's alternative recommendation for dismissal.  Therefore, the Court need not address it because the magistrate judge's primary recommendation for dismissal is compelling and will be adopted.  Nevertheless, the Court overrules this objection because it, too, is unpersuasive.

The Government's motion to dismiss based on the detention of goods exception was a *facial* challenge to the Court's subject matter jurisdiction–that is, it was a challenge based on the pleadings. *See Ohio National Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).  The

6

(4:13CV01828)

Government's motion to dismiss based on the failure to exhaust administrative remedies is, in contrast, a *factual* challenge on the Court's subject matter jurisdiction. In such a challenge, "no presumptive truthfulness applies to the factual allegations" and a court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*; United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994). Moreover, in such a challenge the plaintiff has the burden of establishing subject matter jurisdiction to survive the defendant's motion to dismiss. Giesse v. Sec. of Dept. of Health and Human Services, 522 F.3d 697, 702 (6th Cir. 2008).

In the present case, the Government submits affidavits from DEA officials who attest that the DEA received Plaintiff's administrative claim on March 14, 2013, and no earlier. ECF No. 45 at 15. The Government also proffers a letter dated March 12, 2013, by Plaintiff. The letter states: "Please allow this communication to serve as my formal notice of Tort Claim as authorized by the Federal Tort Claims Act." ECF No. 45 at 14. Although the letter contains a footnote that references an earlier communication with the DEA, it does not provide a date for or a copy of that communication. Plaintiff submits a declaration in which he states that he forwarded an administrative claim to the Cleveland field office of the DEA on February 12, 2013. ECF No. 31-1 at 2. Plaintiff has not presented, however, proof of any document, letter, or communication, dated February 12, 2013, that was send by him to the DEA.

Under Department of Justice regulations, a claim is deemed *presented* for purposes of 28 U.S.C. § 2675(a) when a federal agency "receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages," among other things. 28 C.F.R. § 14.2(a). The evidence indicates that the DEA received Plaintiff's claim

(4:13CV01828)

on March 14, 2013, and not earlier. Therefore, the magistrate judge correctly concluded that Plaintiff's federal lawsuit–commenced on August 20, 2013–was initiated prematurely before the expiration of the six month period following the presentment of his administrative claim.

Therefore, Plaintiff has failed to meet his burden of demonstrating that the Court possessed subject matter jurisdiction over his FTCA claim. Plaintiff's final objection is overruled.

## IV. Conclusion

Based on the foregoing, the Court overrules Plaintiff's objections and adopts the recommendations of the magistrate judge. Plaintiff's FTCA claim is dismissed with prejudice under the detention of goods exception to the FTCA's waiver of sovereign immunity. Alternatively, Plaintiff's claim is dismissed without prejudice for failure to properly exhaust administrative remedies.

IT IS SO ORDERED.

August 21, 2014        /s/ Benita Y. Pearson
Date        Benita Y. Pearson
       United States District Judge