UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY J. FAWCETT, | ) | CASE NO.  4:13CV1828 |
| | ) | |
| PLAINTIFF, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| *et al.,* | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| DEFENDANTS. | ) | |

On August 20, 2013, *pro se* Plaintiff Anthony J. Fawcett ("Plaintiff" or "Fawcett") filed a complaint alleging a violation of his constitutional rights when his personal property was seized and subsequently destroyed.  Doc. 1.  Fawcett asserts a *Bivens*[1] claim against Defendants Michael Hughes ("Hughes") and John Doe ("Doe"), Drug Enforcement Administration ("DEA") agents or employees.[2]  Hughes filed a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6). Doc. 29.  Fawcett responded (Doc. 32), Hughes filed a brief in reply (Doc. 36), and Fawcett, with leave of Court, filed a sur-reply (Doc. 43).  Additionally, Hughes, with leave of Court, filed a supplemental brief to his motion to dismiss (Doc. 50).  The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law.  For the reasons explained below, the undersigned recommends that Hughes' motion be **GRANTED**.

**I. Background**

On or about October 27, 2005, DEA agents from the Youngstown Field Office executed a

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), held that federal officials could be sued for violating the constitutional rights of an individual and is analogous to 42 U.S.C. § 1983.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 675-76 (US 2009).

[2]  Fawcett brought a claim against the United States pursuant to the Federal Tort Claims Act ("FTCA").  The Court previously granted the Motion to Dismiss filed by the United States.  *See* Docs. 45, 48.

1

search, pursuant to a federal search warrant, of certain properties that Fawcett owned and/or had personal effects in.  Doc. 1, ¶10.  The agents seized items belonging to Fawcett, including: (a) two Federal Aviation Administration log books; (b) personal legal files; (c) a box of loose cancelled checks; (d) a box containing personal receipts and jewelry; (e) various business records; and (f) tax records (hereinafter the "non-forfeited property").  Doc. 1, ¶11.  Following the search, Fawcett and three others were indicted for numerous offenses, including possession with intent to distribute 1,000 or more marijuana plants.  Doc. 1, ¶13; *see also United States of America v. Anthony J. Fawcett*, Case No. 4:05-cr-0545 (hereinafter "*Fawcett I*"), Doc. 14.[3]

On January 4, 2007, Fawcett entered a plea of guilty to the charges of conspiracy to cultivate, grow, process, possess, and possess with the intent to distribute marijuana, 21 U.S.C. § 846, and felon in possession of firearms and ammunition, 18 U.S.C. § 922(g)(1).  Doc. 1, ¶13-14; *Fawcett I,* Docs. 95, 180, 181.  As part of his plea agreement, Fawcett consented to the forfeiture of certain items. Doc. 1, ¶14.  Fawcett claims that he did not consent to the forfeiture of the items listed above, the non-forfeited property.  Doc. 1, ¶14.  He alleges that he requested the return of his non-forfeited property during his change of plea hearing and that the government's attorney advised that "the United States and the DEA was working to return" the non-forfeited property.  Docs. 1, ¶20; 43, p. 3, n.2.[4]

On February 29, 2012, Fawcett filed a motion to return property pursuant to Fed. R.

---

[3] The indictment contained a forfeiture specification.  The indictment sought forfeiture of:
> any and all property constituting, or derived from, any proceeds [the defendants] obtained, directly or indirectly, as the result of such violations; any and all of their property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations; and any and all property…involved in or used in the commission of such violations…

*Fawcett I*, Doc. 14.

[4] Fawcett states that he erroneously reported in his complaint that this exchange with the government's attorney took place at his sentencing in October 2009.  Doc. 43, p. 3, n.2.

Crim. Pro. 41(g).[5]  Doc. 1, ¶15; *Fawcett I*, Doc. 233.  The government responded on March 27, 2012, and attached an affidavit signed by Hughes stating that Fawcett's records and documents had been destroyed in accordance with government policy.  Doc. 1, ¶¶15-16.  On August 21, 2012, the government filed a supplemental affidavit signed by Hughes in which Hughes stated that he had "recently learned that" the destruction did not occur in accordance with government policy.  Doc. 1, ¶¶15-17.

On August 20, 2014, Fawcett filed this action asserting a *Bivens* claim against Hughes and Doe in their individual capacities.  Doc. 1, ¶48.  Fawcett alleges that Hughes and Doe destroyed or participated in the destruction of Fawcett's non-forfeited property in violation of the Fourth and Fourteenth Amendments.  Doc. 1, ¶¶19, 45.  Hughes filed a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), asserting that Fawcett's claims are barred by operation of the judgment bar provision of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2676; by the doctrine of qualified immunity; by the statute of limitations; and by the "Special Factors Doctrine."  Docs. 29, 50.

## II. Law

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying the plausibility standard articulated in *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[5] Fed. R. Crim. P. 41(g) Motion to Return Property provides,
> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The factual allegations of a pleading must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. A court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Id.* "Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted). In addition to reviewing the claims set forth in the complaint, a court may also consider exhibits, public records, and items appearing in the record of the case as long as the items are referenced in the complaint and are central to the claims contained therein. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "[P]ro se complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys." *Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012).

### III. Analysis

**A. FTCA, 28 U.S.C. § 2676**

Hughes asserts that Fawcett's *Bivens* claim is precluded by the FTCA judgment bar provision, 28 U.S.C. § 2676. Doc. 50, p. 2. 28 U.S.C. § 2676 provides, "[t]he judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." Hughes submits that, because the Court entered judgment on Fawcett's FTCA claim against the United States, § 2676 bars Fawcett's *Bivens* claim against Hughes. Doc. 50, p. 2-3. In support, Hughes relies on *Harris v. United States*, 422 F.3d 322 (6th Cir. 2005).

4

The Sixth Circuit recently clarified the scope of 28 U.S.C. § 2676 as set forth in *Harris*. In *Himmelreich v. Fed. Bureau of Prisons*, --F.3d--, 2014 WL 4413214, at *3 (6th Cir. Sept. 9, 2014), the Court held, "dismissal [of an FTCA claim] for lack of subject-matter jurisdiction does not trigger the § 2676 judgment bar." Here, the Court granted the United States' motion to dismiss Fawcett's FTCA claim for lack of subject matter jurisdiction. Docs. 45, pp. 6-9; 48. The Court found that the detention of goods exception to the FTCA's waiver of immunity applied. Docs. 45, pp. 6-9; 48. Because Fawcett's claim fell within this exception, the Court lacked subject matter jurisdiction. *Id.* Therefore, pursuant to the rule articulated in *Himmelreich*, 28 U.S.C. § 2676 does not operate as a bar to Fawcett's *Bivens* claim. *See Himmelreich*, 2014 WL 4413214, at *3 (*Bivens* action not barred by § 2676 because the discretionary-function exception to the FTCA's waiver of immunity applied to plaintiff's claim and divested the court of subject matter jurisdiction); *see also Harris*, 422 F.3d at 335 (finding that § 2676 bars a *Bivens* action when a court enters judgment on the merits of an FTCA claim but recognizing a difference between a merits-based determination and one based on subject matter jurisdiction, citing *Hallock v. Bonner*, 387 F.3d 147, 155 (2d Cir. 2004)).

**B. Qualified Immunity**

The doctrine of qualified immunity protects governmental officials performing discretionary functions from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether a government official is entitled to qualified immunity, a court must decide whether the official violated a constitutional right and whether the right was clearly established. *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 202 (2001)); *see also Bishop v.*

5

*Hackel*, 636 F.3d 757, 765 (6th Cir. 2011) (a court may use discretion in deciding which question to address first).  The immunity of federal officials in a *Bivens* action is coextensive with the immunity of state officials in actions brought pursuant to 42 U.S.C. § 1983.  *Butz v. Economou,* 438 U.S. 478, 500 (1978).

Hughes argues that he is entitled to qualified immunity because (1) Fawcett fails to adequately allege a constitutional claim and (2) there is no constitutional violation where, as here, there is an adequate post-deprivation remedy.  Doc. 29-1, pp. 2-10.

### 1. Fawcett adequately alleges a constitutional claim

In his complaint, Fawcett alleges that Hughes, while "operating within the scope of [his] employment with the DEA," intentionally "destroyed, caused to be destroyed, participated in the destruction of, and/or participated in the cover-up relating to the unlawful destruction" of Fawcett's non-forfeited property in violation of the Fourth and Fourteenth Amendment.  Doc. 1, ¶¶42, 45, 47.

Hughes contends that Fawcett has not stated a constitutional claim because his allegations do not describe a violation of the Fourth Amendment, which does not apply to an individual's interest in regaining possession of property; nor do they describe a violation of the Fourteenth Amendment, which does not apply to the federal government or its employees.  Doc. 29-1, p. 16.  Hughes concedes, however, that such allegations would be adequately pleaded as a Fifth Amendment procedural due process violation.  Doc. 29-1, p. 7.  In his opposition brief, Fawcett remarks that he "assert[s] by incorporation" a Fifth Amendment due process violation.  Doc. 32, p. 5 n.7.  Construing Fawcett's *pro se* complaint liberally, *see Bridge*, 681 F.3d at 358, the undersigned finds that he has adequately pled a Fifth Amendment due process violation based on

6

allegations that Hughes destroyed his property.[6]

### 2. Adequate post-deprivation remedies preclude Fawcett's claim

To establish a Fifth Amendment procedural due process violation, a plaintiff is required to plead and prove that either (1) he was deprived of property as a result of an established government procedure that itself violates his due process rights; or (2) the defendant deprived him of property pursuant to a random and unauthorized act and available remedies would not be adequate to redress the loss. *Haley v. City of Akron*, 2014 WL804761, at *14 (N.D.Ohio. Feb. 27, 2014); *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991). "Unauthorized" means that "the official in question did not have the power or authority to effect the deprivation, not that the act was contrary to law." *Warren v. City of Athens, Ohio*, 411 F.3d 697, 709-710 (6th Cir. 2005) (citing *Zinermon v. Burch*, 494 U.S. 113, 138 (1990)).

Here, Fawcett does not allege that he was deprived of property as a result of an established government procedure. Rather, he alleges that his property was destroyed in violation of the notice requirement in "41 C.F.R. 128.50.001-1." Doc. 1, ¶17. Thus, to prevail, Fawcett must demonstrate that Hughes deprived him of his property pursuant to a random and unauthorized act and that available remedies would not be adequate to redress his loss. *See Macene*, 951 F.2d at 706; *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that an unauthorized intentional deprivation of property by a government official does not constitute a violation of the procedural requirements of the Due Process Clause so long as a meaningful postdeprivation remedy for the loss is available); *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010).

Hughes argues that the federal government provides an adequate post-deprivation remedy

---

[6] Fawcett asserts that he is not contesting the legality of the search warrant used to obtain his property. Doc. 32, p. 5. Instead, he "is contesting the legality of the destruction of his personal property without first receiving notice and an opportunity to claim the property." Doc. 21, p. 5.

7

for Fawcett's loss and identifies 31 U.S.C. § 3724.  Doc. 29-1, p. 9.  31 U.S.C. § 3724 is entitled, "Claims for damages caused by investigative or law enforcement officers of the Department of Justice," and provides, in pertinent part,

> (a) The Attorney General may settle, for not more than $50,000 in any one case, a claim for personal injury, death, or damage to, or loss of, privately owned property, caused by an investigative or law enforcement officer as defined in section 2680(h) of title 28 who is employed by the Department of Justice acting within the scope of employment that may not be settled under chapter 171 of title 28.

Fawcett does not challenge Hughes' contention that 31 U.S.C. § 3724 provides him with an adequate remedy.[7]  *See* Docs. 32, 43.  Fawcett only argues that Fed. R. Crim. Pro. 41(g) and the FTCA do not provide him with an adequate remedy.  Doc. 32, pp. 6-7.  Courts have found that 31 U.S.C. § 3724 is an adequate post-deprivation remedy for the destruction of personal property.  *See Marulanda v. U.S. Marshals Serv.*, 467 F. App'x 590, 590-91 (9th Cir. 2012) ("there is no due process violation when Congress has provided an adequate post-deprivation remedy for the unauthorized acts of a federal employee," citing 31 U.S.C. § 3724(a) and *Hudson*, 468 U.S. at 533); *Jones v. Fed. Bureau of Prisons*, 2013 WL 5300721, at *12 (E.D. N.Y. Sept. 19, 2013) (31 U.S.C. § 3724 is "adequate to preclude a *Bivens* claim for a due process violation"); *Salter v. Nickerson*, 2013 WL 866198, at *8-9 (E.D. Tex. Jan. 25, 2013) (same); *Hoskins v. Craig*, 2013 WL 675734, at *3 (S.D.Ill. Feb. 25, 2013) (same); *Bonneau v. Maxwell*, 2012 WL 3644140, at *2 (D.Or. Aug. 23, 2012) (*Bivens* action against FBI agents is precluded because 31 U.S.C. § 3724 provides an adequate alternative remedy).[8]  Accordingly, Fawcett's

---

[7] Indeed, Fawcett submits that he "has sent a notice to the Office of the Attorney General pursuant to 31 U.S.C. § 3724."  Doc. 32, p. 1.

[8] Although Fawcett alleges damages upwards of $90,000 (Doc. 1, ¶22), the $50,000 cap in 31 U.S.C. § 3724 does not render § 3724 inadequate.  *See Hudson*, 468 U.S. at 535 (that a plaintiff "might not be able to recover under these remedies the full amount which he might receive in a § 1983 action is not [] determinative of the adequacy of

8

*Bivens* claim based on a due process violation should be dismissed as barred under the doctrine of qualified immunity because the availability of an adequate remedy under 31 U.S.C. § 3724 means that Fawcett cannot establish a constitutional violation. Fawcett's *Bivens* claim against Doe suffers from the same infirmity and should also be dismissed.[9]

### IV. Conclusion

For the reasons discussed above, the undersigned recommends that Hughes' motion to dismiss (Doc. 29) be **GRANTED**. For the same reasons, the undersigned recommends that Fawcett's claim against John Doe also be dismissed.

Dated: October 16, 2014

Kathleen B. Burke
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied,* 474 U.S. 1111 (1986).

---

the state remedies."); *Jones v. Ross,* 1986 WL 17543, at *3 (6th Cir. 1986) ("To be sufficient the state [post deprivation] remedy need not provide all the relief which might have been afforded the plaintiff under section 1983," citing *Parratt v. Taylor,* 451 U.S. 527, 544 (1981)).

[9] Having found that Fawcett fails to state a constitutional claim, the undersigned does not consider Hughes' alternative grounds for dismissal, *i.e.*, the statute of limitations and the "Special Factors Doctrine."

9